UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:17-cr-137-J-32MCR
     3:18-cr-116-J-32JBT

ANDREW THOMAS CLARK  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Andrew Thomas Clark is a 31-year-old inmate incarcerated at Jesup FCI, serving a cumulative 87-month term of imprisonment for conspiracy to manufacture 3, 4-Methylenedioxy Methamphetamine (MDMA), possession of a firearm by a convicted felon, and possession with intent to distribute MDMA. (Doc. 58, Judgment).[1] According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 1, 2024. Defendant seeks compassionate release because

---

[1] Docket citations are to Case Number 3:17-cr-137-J-32MCR.

of the Covid-19 pandemic, because his facility's response to the virus is allegedly inadequate, and because he has asthma.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). Although Covid-19 is a serious pandemic, Defendant is 31 years old and the only medical condition he claims to have is asthma. Defendant asserts that he has a history of severe asthma stretching back to childhood, although he acknowledges he is prescribed an inhaler to manage the condition. (Doc. 62 at 20-22). According to the Presentence Investigation Report (PSR), Defendant "reported that he has suffered from asthma since childhood and is prescribed Albuterol for the condition," but he denied having

any other health concerns. (Doc. 55 at ¶ 81). According to the Centers for Disease Control (CDC), those who have moderate-to-severe asthma <u>might</u> be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for severe infection.[2] Defendant fails to point to anything in the record showing that, despite his history of childhood asthma, his condition currently falls into the moderate-to-severe category. Given his young age and lack of an underlying condition known to increase the risk of severe illness from coronavirus, the Motion does not present extraordinary and compelling reasons.

Defendant also argues at length that Jesup FCI and its staff are not responding adequately to the Covid-19 outbreak. However, the conditions at Jesup FCI do not rise to the level of extraordinary and compelling circumstances. Prisons are inherently difficult environments in which to control the spread of infectious diseases. As such, most BOP facilities have experienced an outbreak of Covid-19 to some extent. The state of affairs at Jesup FCI is not exceptional compared to other prisons. According to the BOP's latest data, two inmates and 19 staff members are positive for coronavirus; 418 inmates and three staff members have recovered; and one inmate (out of 1,342 total inmates) has died.[3] That Jesup FCI has seen inmates and staff infected with Covid-19, alone or in combination with Defendant's asthma, is not an "extraordinary and compelling" reason for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

---

[2]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]   https://www.bop.gov/coronavirus/. Last accessed January 5, 2021.

Defendant further suggests that, were he to be released, he would help his sisters take care of their mother, who suffers from back problems. (Doc. 62 at 20-21). Defendant does not explicitly argue that family circumstances warrant compassionate release. See U.S.S.G. § 1B1.13, cmt. 1(C). However, to the extent Defendant intends to argue that family circumstances warrant a sentence reduction, Defendant acknowledges that both of his sisters currently provide care for his mother. (See Doc. 62 at 21). As such, Defendant is not the only available caregiver and this circumstance does not warrant compassionate release.[4]

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support Defendant's request to reduce his sentence to time served. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of conspiracy to manufacture MDMA, possession of a firearm by a convicted felon, and possession of MDMA with intent to distribute. The Court determined that a term of 87 months in prison was warranted to accomplish the statutory purposes of sentencing. As of this date, Defendant has served approximately 34 months in custody, or about 39% of his term of imprisonment. Accounting for good time credits, he has more than three years remaining on his sentence. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

---

[4] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 62) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant